## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------- x
                  :

**VALERIE PITKIVITCH,**      : **Civil Action No. _____**
**on behalf of herself and**      :
**similarly situated employees,**   :

                  : **INDIVIDUAL AND**
           *Plaintiff,*   : **COLLECTIVE/CLASS**
                  : **ACTION COMPLAINT**
           v.      :
                  :

**COMPREHENSIVE HEALTHCARE**  : **Jury Trial Demanded**
**MANAGEMENT SERVICES, LLC;**  :
**CHMS GROUP, LLC; SAMUEL**    :
**HALPER; AND, EPHRAM LAHASKY,** : **Electronically Filed**

          *Defendants.*
-------------------------------------------------------- X

### INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1.     This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113; and, a class action on the basis of breach of contract and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3, to recover damages for non-payment of wages.

2.     Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.     The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendants. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4.   **Plaintiff Valerie Pitkivitch** resides at 1705 Juniata Street, Natrona Heights, PA 15065. Plaintiff has worked for Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, and Samuel Halper, and Ephram Lahasky at the Cheswick Rehabilitation and Wellness Center (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Licensed Practical Nurse (LPN) since on or about September 12, 2017 (when Defendants acquired the facility from Consulate Healthcare).

5.   Plaintiff has regularly performed work within the state of Pennsylvania.

6.   **Defendant Comprehensive Healthcare Management Services, LLC ("Defendant CHMS, LLC"),** owns and operates over 40 long-term-care facilities providing rehabilitation and nursing care throughout Pennsylvania and the United States and maintains its headquarters at 147 Reist Street, Williamsville, NY 14221.  CHMS, LLC, manages and controls time and payroll policies for the 40+ facilities from its base in Williamsville, New York, and/or from offices in Lynbrook, New York.

7.   **Defendant CHMS Group, LLC ("Defendant CHMS Group, LLC")**, owns and operates over 40 long-term-care facilities providing rehabilitation and nursing care throughout Pennsylvania and the United States and maintains its headquarters at 600 Broadway, Suite E, Lynbrook, New York 11563.  CHMS Group, LLC, manages and controls time and payroll policies for the 40+ facilities from its base in Lynbrook, New York, and/or from offices in Williamsville, New York.

8.   **Defendant Samuel Halper ("Defendant Halper")** is an owner and operating officer of Defendant CHMS, LLC, and Defendant CHMS Group, LLC, maintains an office at 147 Reist Street, Williamsville, NY 14221, and exercises control over pay and operational policies at the facilities operated by CHMS, LLC, and CHMS Group, LLC.

9.   **Defendant Ephram Lahasky ("Defendant Lahasky")** is an owner and operating officer

of Defendant CHMS, LLC, and Defendant CHMS Group, LLC, maintains an office at 600 Broadway, Suite E, Lynbrook, New York 11563, and exercises control over pay and operational policies at the facilities operated by CHMS, LLC, and CHMS Group, LLC.

10.    Defendants CHMS, LLC, CHMS Group, LLC, Halper and Lahasky are employers, and joint employers, under the FLSA.  29 U.S.C. §203(d). *See,* also, 29 CFR §791.2.

11.    At all relevant times Defendants have been an enterprise under common ownership or control engaged in interstate commerce with annual revenues in excess of $500,000 and have employees engaged in interstate commerce and the production of goods in interstate commerce, and have been subject to the provisions of Section 203(r) and 203(s)(1) of the FLSA.

12.    Defendants have regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendants and are, therefore, subject to the provisions of the FLSA, the PMWA and the WPCL.

### Statement of Claims

13.    Plaintiff is a Licensed Practical Nurse ("LPN").

14.    Plaintiff began working at the Cheswick facility, formerly called Consulate Health Cheswick, in or about April 2013.

15.    In or about September 2017 Defendants CHMS, LLC, and/or CMHS Group, LLC, together with Defendants Halper and Lahasky, acquired the Cheswick nursing facility from Consulate Healthcare and renamed it Cheswick Rehabilitation and Wellness Center.

16.    Plaintiff has continued to work at the nursing facility after the acquisition.

17.    Plaintiff is a W-2 employee.

18.    Plaintiff is an employee within the meaning of the FLSA and PMWA.

19.     Plaintiff is paid hourly ($22/hour).

20.     Plaintiff has clocked in and clocked out using a time-recording system used by Defendants.

21.     Plaintiff is entitled to overtime pay (1 ½ the regular rate of pay) when working more than 40 hours in a workweek.

22.     Plaintiff is non-exempt under the FLSA and PMWA.

23.     Plaintiff regularly works more than 40 hours in workweeks.

24.     Plaintiff has frequently worked in excess of 50 hours per workweek.

25.     Notwithstanding the fact Plaintiff is non-exempt, and enters her time worked in the time-keeping system maintained by Defendants, Plaintiff is not paid for all of her overtime hours, or paid at the proper overtime rate for her overtime hours.

26.     Plaintiff is also not paid for all of her straight time hours.

27.     Defendants consistently fail to pay Plaintiff all of the overtime hours, or straight time hours, worked.

28.     Defendants issue a paystub each pay period.

29.     The paystub lists, among other things, the hours worked, the rate of pay, overtime hours, gross pay and net pay after taxes/benefits.

30.     Payroll and payroll records, as well as time records and the policies regarding payroll and time, are managed and controlled by the personnel at Defendants' Williamsville, New York office and/or its Lynbrook, NY, office, under the direction of Defendants Halper and Lahasky.

31.     There have been discrepancies in Plaintiff's paychecks between the hours actually worked and the hours listed on the paystubs:  the hours on the paystubs are fewer than

what she has worked and fewer than what she has entered in the time records.

32.     In turn, Plaintiff is paid only for the hours listed on the paystub, not the actual hours worked or recorded.

33.     Even where the hours listed on the paystubs are accurate Defendants pay only straight time for overtime hours instead of 1 ½ the regular rate of pay.

34.     In fact, Defendants have been knowingly falsifying the time and pay records: Defendants have taken the actual time records and only reflected the hours they wanted to pay, rather than the actual hours worked, on the paystubs and, in turn, have paid less than they were legally obligated to pay.

35.     Plaintiff has learned over the course of her employment that Defendants have been consistently falsifying the time records and consistently failing to pay for the hours worked in workweeks, overtime workweeks as well as non-overtime workweeks, not only for Plaintiff but for the other LPNs as well.

36.     This pattern has continued throughout Plaintiff's employment: Defendants consistently falsify the records of time worked and fail to pay Plaintiff for all of the hours worked.

37.     On February 28, 2018, a class/collective action was filed on behalf of the Registered Nurses working for Defendants in Pennsylvania and nationally averring similar practices in violation of the FLSA and PMWA. *Blair, et al. v. Comprehensive Healthcare Management Services, LLC* (Civil Action No. 2:18-254 PJP)(ECF No. 1).

38.     The Department of Labor has also been investigating similar discrepancies at a limited number (approximately 15 in Western Pennsylvania) of Defendants' nursing facilities since approximately January 2018.

39.     On November 30, 2018, the DOL filed a lawsuit against Defendants CHMS, LLC, CHMS Group, LLC, Sam Halper and specific nursing facilities (some 15) in Western Pennsylvania. *Acosta v. Comprehensive Healthcare Management Services, LLC, et al.*

(2:18-1608 PJP)(ECF No. 1).

40. Upon information and belief the practices at issue (falsifying time and pay records, denying straight time and overtime wages due) have been and still are occurring throughout the 40+ nursing facilities owned and operated by Defendants, including not just the 15 or so nursing facilities in Western Pennsylvania but the nursing facilities in New York, New Jersey and Eastern Pennsylvania.

41. The decisions made to falsify the time and pay records, and pay less than what is legally due, are made and continue to be made by management and staff at Defendants' headquarters in Williamsville, NY, and Lynbrook, NY, and by Defendants Halper and Lahasky.

42. These decisions have been made with the knowledge of local management as well, such as the managers of the nursing facilities in Western Pennsylvania and at the other nursing facilities owned and controlled by Defendants.

43. These decisions (to falsify time and pay records and to deny straight pay and overtime pay due) are applied throughout Defendants' operations, not just in Western Pennsylvania, and with the knowledge of management throughout Defendants' operations.

44. There are at least 100 LPNs who have been employed by Defendants since December 2015 (three years prior to the filing of this Complaint) in the Western Pennsylvania region alone.

45. This Region includes at least 15 facilities: Maybrook-C Kade Opco, LLC; Maybrook-C Evergreen Opco, LLC; Maybrook-C Whitecliff Opco, LLC; Maybrook-C Latrobe Opco, LLC; Maybrook-C Overlook Opco, LLC; Maybrook-C Silver Oaks Opco, LLC; Maybrook-C Briarcliff Opco, LLC; Mt. Lebanon Operations LLC; Murrysville Operations, LLC; South Hills Operations, LLC; Cheswick Rehabilitation and Wellness Center, LLC; Monroeville Operations, LLC; North Strabane Rehabilitation and Wellness

Center, LLC; North Strabane Retirement Village, LLC; and, Brighton Rehabilitation and Wellness Center.

46.   There are at least 300 other LPNs who have been employed by Defendants at the nursing facilities outside of Western Pennsylvania.

47.   There are approximately 30 other nursing facilities outside of Western Pennsylvania (for a total of 45+ nursing facilities owned and operated and controlled by Defendants).

48.   The other LPNs have performed the same primary duties as Plaintiff, specifically providing licensed care to nursing patients.

49.   The other LPNs have been W-2 employees.

50.   The other LPNs have been employees within the meaning of the FLSA and, for the LPNs working in Pennsylvania, the PMWA.

51.   Defendants have a common policy and practice of falsifying time and pay records and denying pay (overtime and straight pay) to their LPNs.

52.   Defendants have knowingly and intentionally violated the FLSA's mandate for overtime pay.  29 U.S.C. § 207.

53.   Defendants have knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that they maintain accurate records of time worked.

54.   Defendants' violations of the FLSA, the PMWA and the WPCL have been knowing, willful and in reckless disregard of the law.

### Collective/Class Action Averments

55.   In the past three years Defendants have employed 150+ LPNs in the Western PA region (the 15 nursing facilities referred to in Par. 45).

56.     In the past three years Defendants have employed 400 + LPNs throughout the country, including the LPNs in Western PA, at some 40+ nursing facilities.

57.     These other LPNs perform the same primary job duties as Plaintiff: provide licensed LPN care to nursing patients.

58.     These LPNs have been hired and paid according to the same basic terms as Plaintiff: an hourly wage (normally about $22.00).

59.     These 400 + LPNs have been non-exempt within the meaning of the FLSA.

60.     The LPNs in PA have been non-exempt within the meaning of the PMWA.

61.     LPNs, like Plaintiff, work at Defendants' facilities not only in the Western Pennsylvania region but elsewhere in Pennsylvania, New Jersey and New York.

62.     Like Plaintiff, LPNs working for Defendants in Pennsylvania and nationally regularly work more than forty hours per week.

63.     As with Plaintiff, Defendants fail to maintain accurate records of time worked for the other LPNs.

64.     In fact, Defendants have a common policy and practice of falsifying time and pay records in order to deny wages (straight and overtime) otherwise due.

65.     The LPNs employed by Defendants over the past three years, nationally as well as in Pennsylvania, have been subject to the same time keeping and pay policies as Plaintiff (see Par. 20, 25, 36, above).

66.     The 400+ LPNs employed by Defendants nationally (which includes the PA LPNs) over the past three years have regularly worked overtime.

67.     Defendants also have a common policy of failing to pay for all straight time hours worked and of failing to pay overtime hours at 1 ½ the regular rate of pay.

68.     Defendants have knowingly and intentionally failed to pay the 400+ LPNs for their overtime hours either at the straight rate or proper overtime rate.

69.     Defendants' failure to pay overtime due to the 400+ LPNs employed by Defendants over the past three years, and Defendants' failure to maintain accurate records of time worked, have been in violation of the FLSA and the PMWA.

70.     Defendants have knowingly and intentionally violated the FLSA and PMWA with respect to the failure to pay overtime and failure to maintain accurate time records.

## COUNT I:  VIOLATION OF THE FLSA
## Individual and Collective Action (National)

71.     Plaintiff incorporates by reference the preceding paragraphs of this complaint.

72.     Plaintiff and all other similarly situated LPNs (the 400+ LPNs working for Defendants in PA and elsewhere nationally) are employees of Defendants within the meaning of the FLSA.

73.     Defendants are employers, and joint employers, within the meaning of Section 203(d), 203(r) and 203(s)(1) of the FLSA.

74.     Defendants are an enterprise under common ownership or control within the meaning of Section 203(r) and 203(s)(1) of the FLSA.

75.     Plaintiff and all other similarly situated LPNs have been paid an hourly rate.

76.     Plaintiff and the other similarly situated LPNs have been non-exempt within the meaning of the FLSA.

77.    Plaintiff and all other similarly situated LPNs have regularly worked more than forty hours per week (overtime work).

78.    Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiff and all other similarly situated LPNs for overtime hours.

79.    Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiff and all other similarly situated LPNs at the proper overtime rate.

80.    Defendants have, as a matter of common policy and practice, failed to maintain accurate records of time worked for Plaintiff and all other similarly situated LPNs.

81.    Defendants' failure to pay overtime at the proper rate to the LPNs has violated and continues to violate the FLSA.

82.    For at least the past three years, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

83.    Plaintiff and all other similarly situated LPNs are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

84.    Plaintiff and all other similarly situated LPNs are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

### COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action (Pennsylvania)

85.    Plaintiff incorporates by reference the preceding paragraphs of this complaint.

86.    Plaintiff and all other similarly situated LPNs in Pennsylvania are employees of Defendants within the meaning of the PMWA.

87.    Defendants are employers within the meaning of the PMWA.

88.    Plaintiff and all other similarly situated LPNs in Pennsylvania have been paid an hourly rate.

89.    Plaintiff and all other similarly situated LPNs in Pennsylvania are non-exempt within the meaning of the PMWA.

90.    Plaintiff and all other similarly situated LPNs in Pennsylvania have regularly worked more than forty hours per week.

91.    Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiff and all other similarly situated LPNs in Pennsylvania for overtime hours.

92.    Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiff and all other similarly situated LPNs in Pennsylvania at the proper overtime rate.

93.    Defendants' failure to pay overtime to Plaintiff and similarly situated LPNs employed in Pennsylvania violates the PMWA.

94.    Defendants' failure to maintain accurate records of time worked for Plaintiff and similarly situated employees employed in Pennsylvania violates the PMWA.

95.    Plaintiff and similarly situated LPNs employed in Pennsylvania are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

## COUNT III:  BREACH OF CONTRACT
### Individual and Class Action (National)

96.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

97.     When Defendants hired Plaintiff and the other LPNs in Pennsylvania and elsewhere they made definite, clear promises to pay a certain hourly rate for hours worked.

98.     Those promises created enforceable contractual obligations.

99.     Plaintiff and the other LPNs in Pennsylvania and elsewhere have provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendants.

100.    Despite their contractual obligations to compensate Plaintiff and the other LPNs in Pennsylvania and elsewhere for work performed, Defendants have breached those contractual obligations by withholding promised hourly wages.

101.    The amounts owed to Plaintiff and the other LPNs in Pennsylvania and elsewhere represents wages.

102.    Defendants have not had any good-faith basis on which to withhold the wages.

103.    As a result of Defendants' breaches, Plaintiff and the other LPNs in Pennsylvania and nationally have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

104.    Plaintiff and the other LPNs in Pennsylvania and elsewhere are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## COUNT IV:  VIOLATION OF THE WPCL
## Individual and Class Action (Pennsylvania)

105.   Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

106.   Defendants' contractual obligation to pay Plaintiff and the other LPNs in Pennsylvania for hours worked each week at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

107.   The compensation Defendants failed to pay to Plaintiff and the other LPNs in Pennsylvania for hours worked constitute wages within the meaning of the WPCL.

108.   Defendants violated the WPCL by failing to pay the promised wages for work Plaintiff and the other LPNs in Pennsylvania performed.

109.   Defendants have not had any good-faith basis for withholding the promised wages.

110.   Plaintiff and the other LPNs in Pennsylvania are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

111.   WHEREFORE, Plaintiff and all others similarly situated LPNs respectfully request that this Court:

    A.   Order Defendants to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated LPNs (nationally);

    B.   Order Defendants to pay liquidated damages to Plaintiff and all other similarly situated LPNs (nationally);

    C.   Order Defendants to pay Plaintiff and the other LPNs for unpaid non-overtime

wages (nationally);

D. Order Defendants to pay pre- and post-judgment interest, penalties (under the WPCL), as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated LPNs (nationally); and,

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
The Employment Rights Group, LLC
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
Tel: (412) 227-0763
Fax: (412) 774-1994
jchivers@employmentrightsgroup.com

John R. Linkosky, Esq.
PA ID No. 66011
715 Washington Avenue
Carnegie, PA 15106-4107
Tel: (412) 278-1280
Fax: (412) 278-1282
linklaw@comcast.net

*Counsel for Plaintiff*
*and all others similarly situated*

Dated: December 14, 2018